UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

KIMBERLY HALL,

    Plaintiff,

                                          Case No. 09-13101
-vs-                                        HON. AVERN COHN

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**MEMORANDUM AND ORDER
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

### I. Introduction

This is a Social Security case. Plaintiff Kimberly Hall (Hall) appeals from the final decision of the Commissioner of Social Security (Commissioner) denying her application for Social Security disability benefits. Hall claims disability since February 24, 2000, due to neck and shoulder injury, depression, and bipolar disorder.

The parties filed cross motions for summary judgment. The motions were referred to a Magistrate Judge (MJ) for a report and recommendation (MJRR). The MJ recommends that Hall's motion for summary judgment be denied and that the Commissioner's motion for summary judgment be granted. Hall filed timely objections to the MJRR. For reasons that follow, the Court adopts the MJRR.

## II. Background

### A. Facts

The MJRR sets forth the facts, many of which are repeated here. Hall applied for disability benefits on January 26, 2003, alleging a February 24, 2000, onset of disability due to neck and shoulder injury, depression, and bipolar disorder. The Social Security Administration (SSA) denied Hall's claim on April 2, 2003. A hearing was held before an Administrative Law Judge (ALJ) on May 13, 2005, at Hall's request. The ALJ issued a decision denying benefits, finding that Hall was not disabled under the Social Security Act and concluding that Hall could perform a limited range of light work activity.

On October 12, 2006, the Appeals Council (AC) remanded Hall's case back to the ALJ after the case file could not be located, determining that further evaluation was needed. On June 8, 2007, a second hearing was held before the ALJ. On June 25, 2007, the ALJ again denied Hall's claim, determining that Hall's neck and shoulder pain, carpal tunnel syndrome, fibromyalgia, and bipolar disorder were severe, but that she did not did not have a disability under the SSA. The ALJ determined that considering Hall's age, education, work experience, and residual functional capacity (RFC) she could perform a significant number of jobs in the national economy. The AC denied review.

Hall then brought this action for judicial review, arguing that the ALJ's decision was not supported by substantial evidence because 1) the ALJ failed to pose an accurate hypothetical question to the vocational expert, and 2) the ALJ failed to properly assess Hall's credibility. The MJRR rejected Hall's assertions and found that there was substantial evidence in the record to support the ALJ's decision.

### B. MJRR Objections

Hall now objects to the MJRR on the same grounds that the MJ erred by 1) concluding that the ALJ's hypothetical questions adequately described her limitations and abilities, and 2) supporting the ALJ's adverse credibility finding.

### III.  Standard of Review

Judicial review of a Social Security disability benefits application is limited to determining whether the "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less than a preponderance." Consol. Edison Co. v. NLRB, 305 U.S. 197, 299 (1938). The substantiality of the evidence must be based upon the record taken as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973). The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference with the courts." Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). The portions of the MJRR that the claimant finds objectionable are reviewed *de novo*. 28 U.S.C. § 636(b)(1)(C); Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

### IV.  Discussion

As stated, Hall raises two objections to the MJRR. For the following reasons, the Court finds the objections to be without merit.

3

## A. Hypotheticals Included Accurate Concentration Limitations

First, Hall says that the MJ erred in concluding that the ALJ's hypothetical questions adequately described her limitations and abilities. Hall asserts that her moderate concentrational deficiencies were not reflected in the hypothetical. Thus, Hall says that it should not have been relied upon to support a disability finding. This argument lacks merit.

An ALJ's hypothetical "need only include the alleged limitations of the claimant that the ALJ accepts as credible and that are supported by the evidence." Delgado v. Comm'r of Soc. Sec., 30 Fed. App'x 542, 548 (6th Cir. 2002); see also Casey v. Sec'y of HHS, 987 F.2d 1230, 1235 (6th Cir. 1993) ("It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact."). Further, an ALJ should ask hypotheticals that include concentration difficulties accurately characterizing a claimant's impairments. Smith v. Halter, 307 F.3d 377, 379 (6th Cir. 2001).

Hall says that limiting the hypothetical to simple, unskilled worked was insufficient to describe the her ability and limitations from psychiatric impairments. She cites Bonham-Conn v. Commissioner to support this argument. No. 08-13248, 2009 WL 3211000, *7 (E.D. Mich. Sept. 29, 2009). Hall's argument is not persuasive, however, because Bonham held that an ALJ erred by failing to include any kind of concentration limitation in the hypothetical. Id. Here, the ALJ asked two hypotheticals that included concentration limitations. The first asked about jobs available to someone who could not concentrate at a level necessary to fulfill an eight-hour workday, a greater concentration limitation than that considered equal to Hall's "moderate"

4

unskilled/sedentary residual functional capacity (RFC) assessment. The VE responded that no jobs would be available. The ALJ also asked, however, whether jobs would be available to someone with an expected concentration level equivalent to Hall's RFC, which the VE said would be 20%. The VE stated that jobs would be available for someone in that condition.

The ALJ relied on the latter hypothetical as a more accurate characterization of claimant's impairments because of supporting medical evidence showing that Hall had mild concentration limitations and considering that no medical source found that Hall had concentration limitations to the extent she alleged. Thus, together with Hall's age, education, work experience and RFC, the ALJ found that Hall was not disabled under the SSA. The Court agrees that there was substantial evidence to support the ALJ's finding.

### B. Adverse Credibility Assessment Supported by Substantial Evidence

Next, Hall says that the ALJ's adverse credibility finding is not supported by substantial evidence. Particularly, Hall asserts that her daily activities are not comparable to typical work activities. Thus, Hall says they should not be used to support a finding that she is not disabled.

An ALJ's findings regarding a claimant's credibility "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997). Any credibility assessment made by an ALJ must be supported by substantial evidence in the record. Id. However, "there is nothing patently erroneous in the ALJs decision to rely on her own reasonable assessment of the record over the

claimant's personal testimony." White v. Comm'r of Soc. Sec., 572 F. 3d 272, 287 (6th Cir. 2009). Finally, "[a]n ALJ may also consider household and social activities engaged in by the claimant in evaluating the claimant's assertion of pain or ailments." Kidd v. Comm'r of Soc. Sec., 283 Fed. App'x 336, 342 (6th Cir. 2008) (quoting Walters, 127 F.3d at 532).

Here, the ALJ found that Hall suffered from severe impairments. However, the ALJ also found that the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible. Particularly, the ALJ determined that Hall's daily lifestyle, which included driving, exercising, performing household chores, and visiting with her boyfriend and family members, contradicted her reported symptoms of being completely disabled.

Hall says that her daily activities are not comparable to work activities and that they should not be used to preclude a finding of disability. Hall relies on Rogers v. Comm'r of Soc. Sec. as the most recent case in support of this proposition. 486 F.3d 234, 247 (6th Cir. 2007). However, Hall's case is distinguishable from Rogers. In Rogers, there was no objective evidence to support the ALJ's credibility determination. In other words, Rogers holds that credibility determinations may consider daily activities, but that the determinations must also be supported by the record. This is consistent with the more recent case of Kidd v. Comm'r of Soc. Sec., supra, where the Sixth Circuit found that an ALJ's adverse credibility decision relying on daily activities and medical opinion evidence was supported by substantial evidence.

Here, in addition to Hall's daily activities, the ALJ considered medical opinion evidence that Hall had mild concentration limitations. The ALJ also noted that no

6

medical source found Hall to have concentration limitations to the extent that she alleged. Because the ALJ also considered contradictory medical evidence on the record when making her adverse credibility finding, it was appropriate for the ALJ to consider daily activities in her credibility finding.

Thus, the Court agrees that there is substantial evidence to support the ALJ's adverse credibility finding, especially in light of the deference given to ALJ's related to these determinations.

## V. CONCLUSION

For the reasons stated above and in the MJRR, Hall's motion for summary judgment is DENIED and the Commissioner's motion for summary judgment is GRANTED. The case is DISMISSED.

SO ORDERED.

            S/Avern Cohn
            AVERN COHN
            UNITED STATES DISTRICT JUDGE

Dated: September 13, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 13, 2010, by electronic and/or ordinary mail.

            S/Shawntel Jackson
            Relief Case Manager, (313) 234-5160